UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DEIRDRE HAMILTON[1]<br><br>    *Plaintiff,*<br><br>    v.<br><br>DANIEL SCAVINO, in his official capacity as Director of the White House Presidential Personnel Office;<br>1600 Pennsylvania Avenue NW<br>Washington, D.C. 20500,<br><br>MARY SPROWLS, in her official capacity as Advisor to the Director of the White House Presidential Personnel Office,<br>1600 Pennsylvania Avenue NW<br>Washington, D.C. 20500,<br><br>LOREN SWEATT, in her official capacity as Chair of the National Mediation Board,<br>1301 K Street NW, Suite 250E<br>Washington, D.C. 20005,<br><br>SCOTT BESSENT, in his official capacity as Secretary of the Treasury,<br>1500 Pennsylvania Avenue NW<br>Washington, D.C. 20220,<br><br>and<br><br>DONALD J. TRUMP, in his official capacity as President of the United States of America,<br>1600 Pennsylvania Avenue NW Washington, D.C. 20500,<br><br>    *Defendants*. | Civil Action No. 26-_____ |

---

[1] Pursuant to Local Civil Rule 5.1(c)(1), Plaintiff's residential address is being filed under seal with the Court in a separate filing.

**COMPLAINT**

**INTRODUCTION**

1. The National Mediation Board is an independent federal agency. Plaintiff Deirdre Hamilton has been a Member of the National Mediation Board since January 2022, following her nomination by President Biden and confirmation by the Senate. She is obliged to continue to serve as a Member of the National Mediation Board "until [her] successor is appointed and shall have qualified" and may be removed by the President only "for inefficiency, neglect of duty, malfeasance in office, or ineligibility, but for no other cause." 45 U.S.C. § 154.

2. On October 8, 2025, President Trump disregarded that clear statutory language and, in a one-sentence email, purported to terminate Ms. Hamilton. That email made no attempt to comply with the statute's for-cause removal protection. It stated simply: "On behalf of President Donald J. Trump, I am writing to inform you that your position as a member of the National Mediation Board is terminated, effective immediately."

3. President Trump's purported removal of Ms. Hamilton is unlawful. It has no basis in fact or law and thus cannot be squared with the statutory text. And it is in direct conflict with nearly a century of precedent that defines the standard for removal of independent agency officials and upholds the legality of virtually identical for-cause removal protection for members of independent agencies.

4. As a Member of the National Mediation Board, Ms. Hamilton brings this action against the Director of the White House Presidential Personnel Office, the Advisor to the Director of the White House Presidential Personnel Office, the Chairman of the National Mediation Board, the Secretary of the Treasury, and President Trump, seeking among other relief an injunction ordering the non-interference with her office, a declaration that the purported removal was

unlawful, and to the extent injunctive relief is not available for any reason, a writ of mandamus.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 1331, 1361.

6. Venue is proper in this district under 28 U.S.C. § 1391(e).

## PARTIES

7. Plaintiff Deirdre Hamilton is a Member of the National Mediation Board.

8. Defendant Daniel Scavino is the Director of the White House Presidential Personnel Office. He is sued in his official capacity. At the time of Ms. Hamilton's removal, Sergio Gor served in this role.

9. Defendant Mary Sprowls is the Advisor to the Director of the White House Presidential Personnel Office. She is sued in her official capacity.

10. Defendant Loren Sweatt is the Chairman of the National Mediation Board. She is sued in her official capacity.

11. Defendant Scott Bessent is the Secretary of the Treasury. He is sued in his official capacity.

12. Defendant Donald J. Trump is the President of the United States and is responsible for the decision to remove Ms. Hamilton from her office. He is sued in his official capacity.

## STATUTORY BACKGROUND

13. The National Mediation Board ("NMB") is an independent agency of the United States. In 1934, Congress amended the Railway Labor Act ("RLA") to establish the NMB to replace the U.S. Board of Mediation. The RLA was enacted "to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes."

*Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994) (citing 45 U.S.C. § 151a). Originally envisioned for railway carriers, the RLA was amended in 1936 to include airlines.

14. The NMB serves as a neutral third-party during labor disputes between railroad and airline carriers. With no administrative judges, the NMB itself plays a very active role in the resolution of collective bargaining disputes. *See* 45 U.S.C. § 155.

15. The NMB has three mission areas: determination of employee representation for collective bargaining processes, mediation of collective bargaining disputes, and administration of a grievance arbitration system in the railroad industry. With regards to representation, the NMB has the duty to investigate and resolve representation disputes through representation elections. 45 U.S.C. § 152.

16. The NMB plays a significant role in mediating between parties who may not be able to reach a resolution on their own through direct negotiations. 45 U.S.C. § 155. If mediation is unsuccessful, the NMB will proffer binding arbitration to the parties. If either party declines arbitration, the NMB will release them from mediation and enter them into a 30-day cooling off period before they can be released to economic self-help. 45 U.S.C. § 155. The discretion to release parties from mediation is potentially the most significant power held by the NMB.[2]

17. If the NMB determines that the dispute will "threaten substantially to interrupt interstate commerce to a degree such as to deprive any section of the country of essential transportation service," the NMB may recommend that the President appoint a Presidential

---

[2] During Ms. Hamilton's service, the NMB exercised this power four times.

Emergency Board which will convene for 30 days to help resolve the matter.[3] 45 U.S.C. § 160.[4]

18.　The NMB has three Board Members who are nominated by the President and confirmed by the Senate. Each Member serves a term of three years. However, "a member **shall** continue to serve until [her] successor is appointed and shall have qualified." 45 U.S.C. § 154 (emphasis added). And "[a] member of the Board may be removed by the President for inefficiency, neglect of duty, malfeasance in office, or ineligibility, but for no other cause." *Id*.

## FACTUAL ALLEGATIONS

19.　On or about April 20, 2021 President Biden appointed Plaintiff Deirdre Hamilton to the NMB.[5] The Senate confirmed Ms. Hamilton on December 7, 2021 and she assumed her position as a Member of the NMB on January 23, 2022.[6] Ms. Hamilton's most recent term began July 1, 2022 and ended June 30, 2025, during which she served a period as Chair.[7]

20.　As Ms. Hamilton's successor had yet to be appointed by the President, she continued to serve as a Member in a holdover status pursuant to 45 U.S.C. § 154.

21.　On October 8, 2025, Ms. Hamilton received an email from Mary Sprowls, Advisor to the Director of the White House Presidential Personnel Office, which stated in its entirety: "On behalf of President Donald J. Trump, I am writing to inform you that your position as a member

---

[3] During Ms. Hamilton's tenure, President Trump convened a Presidential Emergency Board for the Long Island Railroad dispute. *Establishing an Emergency Board to Investigate Disputes Between the Long Island Rail Road Company and Certain of its Employees Represented by Certain Labor Organizations* (September 16, 2025), https://www.whitehouse.gov/presidential-actions/2025/09/establishing-an-emergency-board-to-investigate-disputes-between-the-long-island-rail-road-company-and-certain-of-its-employees-represented-by-certain-labor-organizations/.
[4] The RLA provides for a lengthier post-release process for commuter railroads involving longer cooling off periods and potentially two Presidential Emergency Boards. 45 U.S.C. § 159A.
[5] *President Biden Announces More Key Administration Nominations* (April 20, 2021), https://bidenwhitehouse.archives.gov/briefing-room/statements-releases/2021/04/20/president-biden-announces-more-key-administration-nominations/.
[6] *New Board Member Hamilton Sworn In, Assumes Position with NMB* (January 25, 2022), https://nmb.gov/NMB_Application/index.php/press-releases/new-board-member-hamilton-sworn-in-assumes-position-with-nmb/.
[7] *Hamilton Assumes NMB Chairmanship* (July 1, 2023), https://nmb.gov/NMB_Application/index.php/press-releases/press-release-hamilton-assumes-nmb-chairmanship-07-01-2023/.

of the National Mediation Board is terminated, effective immediately. Thank you for your service." Mary Sprowls currently works for Dan Scavino. At the time of Ms. Hamilton's termination, Sergio Gor occupied Dan Scavino's position.

22. The one-sentence email does not allege any insufficiency, neglect of duty, malfeasance, or ineligibility related to Ms. Hamilton, nor is there any basis for such an allegation. In flagrant disregard for the clear statutory text, Ms. Hamilton was terminated without basis, justification, or authority. She was terminated notwithstanding the statutory requirement that she continue to serve until her successor "is appointed and shall have qualified." 45 U.S.C. § 154.

### CLAIMS FOR RELIEF

### COUNT ONE
### ULTRA VIRES IN VIOLATION OF STATUTORY AUTHORITY AND SEPARATION OF POWERS
(Against All Defendants)

23. The preceding paragraphs are incorporated and realleged here.

24. Ms. Hamilton has a clear entitlement to remain in her office. Once confirmed by the Senate, a Member of the NMB serves a three-year term and "shall continue to serve until [her] successor is appointed and shall have qualified." 45 U.S.C. § 154. A Member of the NMB may be removed from that term "by the President for inefficiency, neglect of duty, malfeasance in office, or ineligibility, but for no other cause." *Id.*

25. The constitutionality of that protection is dictated by nearly a century of binding Supreme Court precedent upholding materially identical restrictions. *Humphrey's Executor v. United States*, 295 U.S. 602 (1935); *Wiener v. United States*, 357 U.S. 349 (1958).

26. President Trump's purported termination of Ms. Hamilton is unlawful. The President did not purport to remove Ms. Hamilton on the basis of "inefficiency, neglect of duty, malfeasance in office, or ineligibility." In fact, the President's termination email provided no

justification at all for the termination. Further, her successor had not yet been appointed.

27. As a result, the President's termination of Ms. Hamilton is *ultra vires* and is a clear violation of the statute.

## COUNT TWO
### ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. §§ 706(1) and 706(2)
(Against Defendants Scavino and Sweat)

28. The preceding paragraphs are incorporated and realleged here.

29. To the extent that Defendants Scavino and Sweatt exercise authority with respect to, or on behalf of, the National Mediation Board without regard to Ms. Hamilton's position as Member, those actions are "not in accordance with the law," "contrary to constitutional right, power, privilege, or immunity," and "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2). Ms. Hamilton seeks to hold unlawful and set aside such actions, pursuant to section 706 of the Administrative Procedure Act and to compel agency action unlawfully withheld or unreasonably delayed.

## COUNT THREE
### DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201 and 2202
(Against All Defendants)

30. The preceding paragraphs are incorporated and realleged here.

31. Ms. Hamilton is entitled to declaratory relief on the basis of all claims identified. There is substantial and ongoing controversy between Ms. Hamilton and the Defendants, and a declaration of rights under the Declaratory Judgment Act is both necessary and appropriate to establish that Ms. Hamilton is a Member of the NMB and that the President does not have authority to remove her absent inefficiency, neglect of duty, malfeasance in office, or ineligibility.

**COUNT FOUR**
**WRIT OF MANDAMUS**
(Against All Defendants)

32. The preceding paragraphs are incorporated and realleged here.

33. In the alternative, Ms. Hamilton is entitled to a writ of mandamus. The NMB statute's removal restrictions impose a ministerial duty on the President and subordinate officials not to interfere with Ms. Hamilton's tenure in office absent cause for inefficiency, neglect of duty, malfeasance in office, or ineligibility.

34. Ms. Hamilton is entitled to a writ of mandamus prohibiting her removal from office, and absent this Court granting one of the counts identified above, there is no other adequate means of redress.

**COUNT FIVE**
**EQUITABLE RELIEF FOR STAUTORY AND CONSTITUTIONAL VIOLATIONS**
(Against Defendants Scavino, Sprowls, Sweatt, and Bessent)

35. The preceding paragraphs are incorporated and realleged here.

36. Under this Court's traditional equitable jurisdiction, the plaintiff is entitled to equitable relief to prevent and restrain ongoing violations of both statutory and constitutional federal law by the defendants. Equitable actions have "long been recognized as the proper means" to prevent public officials from acting unconstitutionally. Because such actions seek simply to halt or prevent a violation of federal law rather than the award of money damages, they do not ask the Court to imply a new cause of action. To the contrary, the ability to sue to enjoin unlawful or unconstitutional actions by federal officers "is the creation of courts of equity, and reflects a long history of judicial review of illegal executive action, tracing back to England." *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 326-27 (2015).

**PRAYER FOR RELIEF**

37. Plaintiff Deirdre Hamilton requests that the Court:

    a. Declare that the President's termination of Plaintiff Deirdre Hamilton was unlawful, and that Plaintiff Deirdre Hamilton is a Member of the National Mediation Board until her successor is appointed and shall have qualified;

    b. Declare that Plaintiff Deirdre Hamilton is a Member of the National Mediation Board who may be removed by the President only for inefficiency, neglect of duty, malfeasance in office, or ineligibility;

    c. Order that Plaintiff Deirdre Hamilton may not be removed from her office as Member of the National Mediation Board or in any way be treated as having been removed, denied, or obstructed in accessing any of the benefits or resources of her office, or otherwise be obstructed from her ability to carry out her duties, until her successor has been confirmed;

    d. Order that Defendants Scavino and Sweatt may not exercise authority with respect to, or on behalf of, the National Mediation Board without regard to Ms. Hamilton's position as Member;

    e. Order that Defendants Bessent, Scavino, and Sweatt pay Plaintiff Deirdre Hamilton all wages and benefits owed to her as Member of the National Mediation Board, including backpay;

    f. Award Plaintiff's attorney's fees and costs; and

    g. Award all other appropriate relief.

Date**:** February 2, 2026                    Respectfully Submitted,

<div style="margin-left: 40%;">

*/s/ Margaret M. Donovan*
Margaret M. Donovan (DDC No. CT0026)
KOSKOFF KOSKOFF & BIEDER, PC
350 Fairfield Ave., Suite 501
Bridgeport, CT 06604
Tel: (203) 336-4421
Fax: (203) 368-3244
mdonovan@koskoff.com
*Attorney for Plaintiff Deirdre Hamilton*

</div>